UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOMAS FRANCISCO MATEO (A-Number: 219-182-963),

Petitioner,

v.

CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-07560-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Tomas Francisco Mateo is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*,

No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

Respondent argues that petitioner "was not previously released under any supervised release recognizance agreement." Doc. 6 at 1. But respondent's documents contradict their assertion. Petitioner's Form I-213 from May 16, 2019 states that petitioner "was encountered at the ERO Provo sub-office during [a] check-in with his brother[,] . . . was issued a Notice to Appear[, and] . . . will be released on OREC [(Order of Release on Recognizance)] pending a hearing before an immigration judge." *Id.* at 5–6. After that 2019 release, immigration authorities subsequently re-detained petitioner on August 21, 2026. *See* Doc. 1 at 4; Doc. 6 at 8, 11.

For the reasons addressed in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. Generally, courts have held that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations

omitted)). Respondent does not establish any urgent circumstances in this case.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to release petitioner Tomas Francisco Mateo (A-Number: 219-182-963) immediately.[1] Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 8, 2026

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that according to the EOIR website, an immigration judge has granted petitioner voluntary departure. *See Automated Case Information*, Executive Office for Immigration Review, Department of Justice, https://acis.eoir.justice.gov/en/caseInformation (last accessed on November 6, 2026). The grant of voluntary departure does not affect the district court's jurisdiction over challenges to petitioner's immigration detention pursuant to 28 U.S.C. § 2241. *See P.A. v. California City Warden*, No. 1:26-cv-04214-TLN-CSK, 2026 WL 1970614, at 3–4 (E.D. Cal. July 8, 2026) (granting habeas relief regarding immigration detention where petitioner agreed to voluntary departure).

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.